**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**WILLIAM BLANCO PALMA**                                                     **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:19-cv-112-DCB-MTP**

**SHAWN R. GILLIS**                                                          **RESPONDENT**

## <u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Petitioner William Blanco Palma's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Court grant the Petition [1] and order that Petitioner be deported or released from Immigration and Customs Enforcement ("ICE") custody within thirty days of a favorable ruling on the Petition [1].

## <u>BACKGROUND</u>

On June 14, 2016, Petitioner, a citizen of Venezuela, entered the United States without inspection.[1] Resp. [12] at 1. On March 14, 2019, an immigration judge entered a final order of removal for Petitioner. *Id.* Petitioner did not appeal his removal order and provided ICE with two Venezuelan passports. *Id.*

On October 28, 2019, Petitioner filed his Petition in the United States District Court for the Middle District of Georgia, arguing that his extended detention in ICE custody is unlawful. That same day, the Middle District of Georgia transferred the Petition to this Court. *See* Order [4]. Petitioner seeks release from immigration custody. Pet. [1] at 7.

---

[1] "All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

Shawn Gillis filed a Response [12], arguing that the Petition should be denied because Petitioner's removal to Venezuela is imminent. On November 10, 2019, ICE requested travel documents for Petitioner. Resp. [12], Ex. A at 1. ICE is "currently exploring the option of removing subjects to Venezuela via transit through a 3rd party country." *Id.*

Petitioner asserts that "there are not any diplomatic relations between the U.S. and Venezuela." Pet. [1] at 7. In the Response [12], ICE does not counter the Petitioner's assertion but instead alleges that a flight plan should "materialize soon." Resp. [12], Ex. A at 1. The primary point of contention between the Petition and the Response is whether the Petitioner's deportation is "imminent," as Respondent alleges. *Id.*

On October 28, 2019, the Petition [1] was transferred to this Court. On January 2, 2020, Shawn Gillis filed his Response [12]. Petitioner filed his Reply [13] on January 13, 2020. This matter is now ripe for review.

## ANALYSIS

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[D]etermining what the 'reasonably foreseeable future' really is, is a factual determination to be undertaken by

the habeas court looking into the circumstance and detention length of each individual petitioner." *Kane v. Mukasey*, 2008 WL 11393137, at *4 (S.D. Tex. Aug. 21, 2008), *superseded by Kane v. Mukasey*, 2008 WL 11393094 (S.D. Tex. Sep. 12, 2008) (finding habeas petition was moot after petitioner was deported).

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). This burden does not require the alien to show that deportation will prove "impossible" or "show the absence of any prospect of removal—no matter how unlikely or unforeseeable . . . ." *Zadvydas*, 533 U.S. at 702. "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation omitted). However, "an alien's claim must be supported by more than mere speculation and conjecture." *Id.* (internal quotations and citation omitted).

Once the alien has met his initial burden, the burden shifts to the Government to "respond with evidence sufficient to rebut the alien's showing." *Zadvydas*, 533 U.S. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner points out that he has been held in ICE custody awaiting removal since May 8, 2019—shortly after his removal order was issued. Pet. [1] at 4. Thus, the length of Petitioner's confinement is well in excess of the six-month presumptively reasonable period prescribed by the Supreme Court in *Zadvydas*. Petitioner asserts that he has been fully cooperative in all efforts to secure travel documents from Venezuela. ICE notes that the Government requested

3

Venezuelan travel documents on November 10, 2019, but Venezuelan officials have not yet provided the requested documents. According to Petitioner, Venezuela has broken off diplomatic relations with the United States.

Indeed, the record demonstrates that during the more than seven months since the Government made its request for travel documents, Venezuela has neither provided the documents nor provided any assurance that the documents are forthcoming. Petitioner has met his initial burden under *Zadvydas* to demonstrate that removal is not likely in the foreseeable future. *See Butt v. Holder*, 2009 WL 1035354, at *5 (S.D. Ala. March 19, 2009) (holding that petitioner met his initial burden when he was held in ICE custody for more than ten months after the issuance of his removal order with no indication from the Pakistani Embassy that travel documents would be issued).

Accordingly, the burden now shifts to the Government to rebut Petitioner's showing. In his Response [12], Respondent argues that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondent's argument relies upon a Declaration by Christopher Nostrand, an ICE Deportation Officer. In the declaration, Nostrand states that ICE is in possession of Petitioner's Venezuelan passports, that a request for travel documents was submitted on November 10, 2019, and that he believes that "Palma's removal to Venezuela is imminent." *See* [12], Ex. A.

Nostrand's Declaration does little to rebut Petitioner's showing. Respondent does not dispute that Plaintiff has been fully cooperative in efforts to secure travel documents, and concedes that Petitioner provided ICE with his Venezuelan passports. Despite Petitioner's cooperation, the Government's request for travel documents has been pending for more than seven months, without cooperation from Venezuelan officials. Respondent offers nothing—other

4

than unsubstantiated belief—to suggest that a response from Venezuelan officials is forthcoming or that ICE is capable of removing Petitioner to Venezuela.

Although Respondent argues that the removal of Venezuelan citizens and, specifically, Petitioner is foreseeable, Respondent provides no support for these opinions. In other words, Respondent provides no explanation as to why Petitioner's removal is reasonably foreseeable. Respondent cannot rest on bald assertions that removal is foreseeable with no supporting evidence. Moreover, the date of the supporting declaration undermines its credibility. The declaration, signed on December 18, 2019, states that it is Nostrand's "belief that Petitioner's removal to Venezuela is imminent." *See* [12], Ex. A. Six months have passed since Nostrand stated that Petitioner's removal was imminent, and Petitioner remains in ICE custody.[2]

"[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." *Kane*, 2008 WL 11393137 at *5; *see also Andreasyan v. Gonzalez*, 446 F. Supp. 2d 1186, 1189-90 (W.D. Wash. 2006) (finding that respondent had not rebutted petitioner's showing that he would not be removed when respondent repeatedly asked for "a few more weeks" to obtain travel documents). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur— or even that it might occur— in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019).

---

[2] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/index (last visited June 29, 2020).

With no significant likelihood of removal in the foreseeable future, Petitioner's detention is now unreasonable. *See Ali v. Dep't of Homeland Sec.*, 2020 WL 1666074 (S.D. Tex. Apr. 2, 2020) (granting writ when petitioner could not be removed due to travel restrictions to Pakistan). After more than a year of detention, "Petitioner's removal need not necessarily be imminent, but it cannot be speculative." *Hassoun v. Sessions*, 2019 WL 78984, at *6 (W.D.N.Y. Jan. 2, 2019).

As Respondent has not met his burden to show that continued detention is authorized, Petitioner must be deported or released. "[T]he alien's release may and should be conditioned on any of the various forms of release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700; *see also Okwilagwe v. I.N.S.*, 2002 WL 356758 (N.D. Tex. Mar. 1, 2002) (granting writ of habeas corpus but setting conditions of alien's release).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1.  The Petition [1] be GRANTED.

2.  The Court order Immigration & Customs Enforcement to deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by Immigration & Customs Enforcement, within thirty days of the Court's order granting the Petition [1].

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 7th day of July, 2020.

s/ Michael T. Parker
United States Magistrate Judge